Law Offices of
# STEWART LEE KARLIN, P.C.
Attorney At Law
9 Murray Street, Suite 4W
New York, New York 10007
(212) 792-9670/Office
(212) 732-4443/Fax
edlawkarlin@aol.com

MEMBER OF THE BAR
NEW YORK & FLORIDA

Concentrating in Employment, Insurance and Education Law

RECEIVED MAY 0 7 2012 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

May 4, 2012

**Via Fax**
Honorable Alvin K. Hellerstein
United States Courthouse
500 Pearl Street
New York, New York 10007

RE: Bijan Karimian v. Time Equities, Inc. et.al.
Case No.: 10-Civ-3773(AKH)(RJK)

Dear Judge Hellerstein:

*[Handwritten annotation: Def't's objections are denied. Productions shall be made promptly. 5-7-12 A.K. Hellerstein]*

The parties have attempted to narrow its differences regarding the fourth document production request. However, the following still remains in dispute.[1]

## FOURTH DOCUMENT PRODUCTION REQUEST

### PLAINTIFF'S POSITION

**Request No. 1** requests the electronic excel spreadsheet files for the Lima Deal. On page 62, Mr. Limjuco who was familiar with the Lima deal stated regarding the returns expected on the deal. "If it's a true and accurate copy and not a draft, if it was the final version then it is the projected returns Bijan and Gary expected on the Lima deal." Plaintiff has a right to present these returns to argue that the deal was well above any requirements Greenburger had for the investment and declined it under false pretenses out of retaliation.

---

[1] Please note that Parties' third document production letter to the Court is still pending. Plaintiff would have no objection to having that letter and the instant letter referred to a Magistrate Judge for resolution.

Honorable Alvin K. Hellerstein
May 4, 2012
page 2

**Request No. 2** is regarding the Lima Deal Memo. On page 60, Limjuco states he "can't say that" the deal memo (Exhibit 13 from deposition) was a true and accurate copy of the deal memo for the Lima deal. We need the true and accurate copy from Mr. Limjuco and Plaintiff computer to compare differences, if any. This will also indicate that Plaintiff had one of the few live deals from November 2008 to January 2009.

**Request No. 3** is concerning the electronic spreadsheet of 29 W. 36th Street and is relevant as to Greenburger's claims that Plaintiff did not locate acquisitions that he did not like.

**Request No. 9** concern emails between Plaintiff and IT Department. Chris Pulling stated at his deposition ... Page 18, " ... the IT department ..." had negative things to say about Plaintiff. Specifically, "Rob Lombardo" from the IT department. Plaintiff is entitled to impeach his creditably in the event he testifies since that factual assertion is not true.

**Request No. 13** concerns the projected returns for the Arris Garage deal that Greenburger used to make his decision to acquire the Arris Garage in January 2009, the time plaintiff was laid off. This goes to Greenburger's credibility that Plaintiff had not found deals with positive leverage. It is relevant for us to know how the returns on Arris Garage compared to those on 416 Washington Street which Plaintiff believes was higher.

**Request No. 14** concerns the rental payments made by Luis Cozza. Chris Pulling stated, Luis Cozza is not working for Time Equities and that "he rents an office on the 14th floor. Hyman Schermer at his deposition stated, "I don't know what he pays, but he pays something for some office space on the 14th floor and does his own business." This is relevant to see if in fact he is renting office space and is not employed by TEI.

## DEFENDANT'S POSITION

To date, Defendants have produced in excess of 77,000 Bates stamped pages (primarily comprised of email correspondence and documents relative to potential real estate acquisitions that were never closed) in connection with this action and has responded to 118 document requests. With respect to Plaintiff's specific requests, without waiving any previously asserted defenses, Defendants object as follows:

### Request Nos. 1 and 2:

Defendants object to these Requests on the grounds that they are irrelevant. Defendants further object on the grounds, explained by letter dated December 16, 2011 and repeatedly since that date, that Defendants previously produced a significant amount of documents in connection with the Lima Peru deal. Defendants further object on the grounds that Plaintiff acquisition *recommendations* are irrelevant to Plaintiff's claims since Plaintiff testified that no acquisition deal Plaintiff

Honorable Alvin K. Hellerstein
May 4, 2012
page 3

recommended, and specifically no deal in the year prior to his termination, was successfully completed. The Lima Peru deal was not closed, and there is correspondence (previously produced) from Francis Greenburger reflecting his reluctance to invest in foreign economy in light of the turbulent economic situation in or around fall 2008. Accordingly, the expected returns on the Lima Peru deal, the Lima Peru Deal memo and Plaintiff's opinion of the potential benefits of Mr. Greenburger and/or Time Equities investing in Lima Peru are wholly irrelevant to Plaintiff's claims.

### Request Nos. 3:

Defendants object to this Request on the grounds that it is irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant. Moreover, Defendants object to this Request to the extent that it requests confidential and/or proprietary material. Further, Defendants object to the production of additional documents regarding a property Plaintiff *recommended* for acquisition, which was not purchased and which bears no relevancy to Plaintiff's discrimination and/or retaliation claims. Further, Plaintiff's opinion of the quality of his acquisition is wholly irrelevant to his claims.

### Request No. 9:

Defendants object to this Request on the grounds that, *inter alia*, as Defendants explained in their Objections and Responses to Plaintiff's Fourth Document Production Request, Defendants have previously produced *all of Plaintiff's emails* (both to and from Plaintiff) from Plaintiff's employment with Time Equities to him. Accordingly, Plaintiff is already in possession of the requested emails.

### Request No. 13:

Defendants object to this Request to the extent that it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence. Defendant's further object to this request on the grounds that Defendant has previously produced thousands of documents relating to the Arris Garage deal in response to Plaintiff's overly broad and ultimately irrelevant document requests. In addition, *Plaintiff's* opinion as to the quality of the Arris Garage deal is irrelevant to his that he was terminated in January of 2009 for retaliatory reasons.

### Request No. 14:

Defendants object to this Request to the extent that it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of

Honorable Alvin K. Hellerstein
May 4, 2012
page 4

admissible evidence. Defendants also object to this Request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant. Further, Defendants object to this Request on the grounds that Luis Cozza no longer works for Defendant Time Equities; indeed, nearly all the deponents testified to this. Accordingly, documents regarding Mr. Cozza's "rental agreement" with Time Equities is wholly irrelevant to whether Plaintiff was terminated in January of 2009 for retaliatory reasons.

Very truly yours,

STEWART LEE KARLIN

SLK:nm

cc: Marjorie Kaye, Esq. via email