# Law Offices of
# STEWART LEE KARLIN, P.C.

### Attorney At Law
9 Murray Street, Suite 4W
New York, New York 10007
(212) 792-9670/Office
(212) 732-4443/Fax
cdlawkarlin@aol.com

MEMBER OF THE BAR
NEW YORK & FLORIDA

Concentrating in Employment, Insurance and Education Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/12

RECEIVED
  1  2012
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

*[handwritten margin note: My rulings are stated in the margins 6-18-12 /s/ AKH]*

June 15, 2012

**Via Fax**
Honorable Alvin K. Hellerstein
United States Courthouse
500 Pearl Street
New York, New York 10007

RE:  Bijan Karimian v. Time Equities, Inc. et.al.
     Case No.: 10-Civ-3773(AKH)(RJK)

Dear Judge Hellerstein:

As Your Honor may recall, your order required additional efforts to attempt to further narrow the differences between the parties concerning regarding the remaining discovery.

The parties have been successful in further narrowing the dispute. Only the following items remain in dispute.

## THIRD DOCUMENT PRODUCTION REQUEST

**PLAINTIFF'S POSITION**

Request No. 6

The personal financial statements and tax returns for Greenburger, Kantor and Schermer from 2007 to present go to the issue of punitive damages. This information has not been provided. This request is not burdensome, as claimed by Defense Counsel, as the Defendants financial statements are regularly produced for prospective lenders as a normal course of business. The financial statements have never been requested in Request 40 as falsely asserted by Defendant.

*[handwritten margin note: Denied as irrelevant, subject to renewed appl'n following verdict or judgment showing entitlement to punitive damages. /s/ AKH]*

**Request No. 25**

Plaintiff is requesting the job description and job postings that reflect the responsibilities of an Asset Manager. The Defendant's have claimed that Plaintiff was not qualified to do the work of an Asset Manager and that Plaintiff was not retained to serve in that role for that reason while others were hired in 2009 or retained to fulfill the role of Asset Manager. This is relevant as to determine whether plaintiff was qualified to perform these tasks and thus should have not been laid off.

*Def'ts' objection is overruled.* ✓ *AKH*

## SECOND DOCUMENT PRODUCTION REQUEST

**Request No. 1**

Unredacted records cell and office phone records for Mr. Kantor and Mr. Greenburger should have been provided except for personal phone calls as previously ordered by the Court. The records that defendants produced were redacted almost entirely and rendered them useless. The cell and office phone records for Mr. Kantor and Mr. Greenburger have been provided, have been redacted to point that the documents are useless. Unredacted records should have been provided except for personal phone calls. This has already been ordered previously by the Court. Moreover, the Defendants had denied speaking to any prospective employer about hiring Plaintiff. Defendant (Greenburger) subsequently admitted speaking to some companies but was unable to recall who or what Defendants had said about Plaintiff. The records are relevant as Plaintiff believes Greenburger went beyond speaking with people that called him but reached out to prospective employers within the industry to blacklist Plaintiff from the industry. This egregious behavior also goes to the punitive damages that Plaintiff will be seeking. Plaintiff in an attempt to narrow its request, provided a couple of numbers. However, the records obtained were redacted to the point of being completely useless.

*Unredacted records shall also be produced for attorneys' eyes only, and then redacted records may be produced. AKH*

**Request No. 17 and 18**

Documents that list all properties owned by TEI as of year-end 2008 and 2009 and for each property owned as of year-end 2008 and 2009, documents limited to the annual budget, annual financial statements and rent rolls This goes to the heart of the case regarding the reasons proffered by Defendant for plaintiff's sudden and unexpected lay off and financial condition of the Defendant. Mr. Kantor had indicated at his deposition that this information is available. The documents produced did not include this specific information requested.

### I. DEFENDANTS' POSITION.

### B. DEFENDANTS' RESPONSE.

With respect to the specific document requests highlighted in Plaintiff's March 14, 2012 letter, Defendants respond as follows without waiving any previously asserted objections. Further, Defendants object to Plaintiff's mischaracterization of the alleged comment by Hy Schermer as "racist" and object to the requests on the grounds that Plaintiff's characterization of what documents may be "easily obtained" lacks any foundation or personal knowledge, and should be disregarded by the Court.

6. Defendants object to Plaintiff's Document Request No. 6 above on the grounds it is cumulative and redundant of Document Request No. 40 of Plaintiff's First Request for Production of Documents to which Defendants have already responded. Defendants also object to this Request to the extent that it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence or evidence since it is extremely unlikely that punitive damages could be available to Plaintiff based on Mr. Schermer allegedly making one discriminatory statement, one time, nearly one year prior to Plaintiff's lay off. Moreover, Defendants object to this Request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendants. Finally, Defendants object to this Request to the extent the time period encompassed by said document (2007 to the present) request is overly broad.

25. Defendants object to Plaintiff's Document Request No. 25 to the extent it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence since at no time did Plaintiff hold the position of "asset manager." Defendants further object to this Request to the extent it is vexatious, unduly burdensome and/or is designed solely to harass Defendant. In addition, Defendants object to this Request to the extent the time period encompassed by said document request (January 2009 to date) is overly broad and/or irrelevant. Similarly, Defendants have previously produced information relating to new hires from 2008 through 2010, including job titles, for the development, acquisitions and asset management departments and no individual was hired as an "Asset Manager."

*[Handwritten margin notes: "Pl. insufficient shows relevant. Production is denied."]*

### C. DEFENDANTS' RESPONSE TO PLAINTIFF'S JANUARY 11, 2012 DEFICIENCY LETTER.

With respect to Plaintiff's requests in connection with Plaintiff's Second Document Production Request (which was previously submitted to and rejected by this Court), without waiving any previously asserted defenses, Defendants object as follows:

1. Defendants object to Plaintiff's Document Request No. 1 above to the extent it seeks unredacted phone records on the grounds that it seeks personal information which is wholly unrelated to Plaintiff's claims. Further, Defendants object to this request on the grounds that Plaintiff mischaracterizes Judge Hellerstein's October 26, 2011 Order and misrepresents the

parties' agreement in connection with telephone records. Specifically, in the Court's October 26th Order Defendants were ordered to produce Defendant Kantor's cell phone records, only, which have been produced. Furthermore, in Plaintiff's October 21, 2011 submission to Court seeking such records, Plaintiff specifically represented to Court that "[t]he specific numbers have now been provided" to Defendants. Based on that representation, and pursuant to agreement between counsel for the parties, Plaintiff provided Defendant with specific telephone numbers and/or three digit exchanges for which to search Mr. Greenburger's and Mr. Kantor's office and cell phone records in specified time periods which Plaintiff claimed were the numbers he sought. Defendants searched the relevant records for the specific numbers provided and produced responsive telephone numbers. Defendants redacted only that information which was not responsive to Plaintiff's request. Defendants are under no legal obligation to produce telephone numbers and cell phone records which bear no relevance to Plaintiff's claims to allow Plaintiff to go on a fishing expedition into the personal and/or business lives of his former employers.

17. Defendants object to Request No. 17 above to the extent it mischaracterizes Plaintiff's lay off as "sudden and unexpected." Rather, Plaintiff was advised of impending layoffs at Time Equities and even asked Defendant Greenburger whether he should find a new job. Defendants also object to this request on the grounds that the requested documents are irrelevant to Plaintiff's claims since Defendants have already produced Defendant Time Equities' financial statements for the years 2006 through 2009 as well as a document indicating all properties purchased and/or sold by Time Equities in 2008, 2009 and 2010.

18. Defendants object to Request No. 18 above to the extent it mischaracterizes Plaintiff's lay off as "sudden and unexpected." Rather, Plaintiff was advised of impending layoffs at Time Equities and even asked Defendant Greenburger whether he should find a new job. Defendants further object to this request on the grounds that properties owned as of the "fourth quarter of 2009" is wholly irrelevant to Plaintiff's claims relating to his January 2009 lay off and is not probative of the financial condition of Defendant Time Equities in or around January 2009. In addition, Defendants have already produced Time Equities financial statements for the years 2006 through 2009 as well as a document listing all properties purchased and/or sold by Time Equities in 2008, 2009 and 2010.

Very truly yours,

STEWART LEE KARLIN

SLK:nm

cc: Marjorie Kaye, Esq. via email

Judge wrote:

"My rulings are stated in the margins.

6-18-12
Alvin K. Hellerstein"

On pg. 1: "Denied as irrelevant, subject to renewed application following verdict or judgment showing entitlement to punitive changes.

AKH"

On pg. 2, after Request No. 25: "Defendant's objection is overruled.

AKH"

On pg 2, after Request No. 1: "Unredacted records shall be produced for attorneys' eyes only, and then redacted records may be produced.

AKH"

On pg. 3, "Plaintiff insufficiently shows relevance. Production is denied.

AKH"