UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

BIJAN KARIMIAN,

         Plaintiffs,

 -against-

TIME EQUITIES, INC., FRANCIS
GREENBURGER, ROBERT KANTOR, AND
HYMAN SCHERMER,

         Defendants.

-------------------------------------------------------------- X

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

10 Civ. 3773 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

  On January 22, 2013, after hearing argument by counsel representing Plaintiff and counsel representing Defendants, I granted summary judgment for Defendants. Plaintiff, now proceeding *pro se*, moves for reconsideration. Since Plaintiff's motion fails to show any "controlling decisions or factual matters" that I overlooked, the motion is denied. Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000).

  Plaintiff Bijan Karimian worked for Time Equities, Inc. ("TEI") from November 2006 to January 2009. TEI is a national real estate company in New York City, and Plaintiff was Associate Director of its Acquisition Department. Plaintiff claims that he was terminated on January 14, 2009, because of his Iranian heritage and in retaliation for complaining about harassing comments made by another employee, Hyman Schermer ("Schermer"). Plaintiff claims unlawful retaliation and a hostile work environment, based on his race, national origin, and gender, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000-e, et seq., and state and local civil rights laws.

In January or February 2008, Plaintiff claims that Schermer directed a crude ethnic and sexual remark at him and made two insensitive comments regarding a possible war between Israel and Iran. Later that year, on the 10th and 13th of November and the 1st and 10th of December, Plaintiff had four meetings with his supervisor, Francis Greenburger ("Greenburger"), to discuss his job performance. Plaintiff alleges that he received a generally positive review and a 3% raise, but that Greenburger expressed concern over Plaintiff's strained relationship with Schermer. Two days after the last meeting with Greenburger, Plaintiff alleges that he met with Greenburger to complain about Schermer's comments to him made ten or eleven months earlier. On January 14, 2009, Greenburger sent Plaintiff an email, terminating his services.

At oral argument, I found that there were no material issues in dispute and granted summary judgment for Defendants. I first dismissed Plaintiff's hostile work environment claim. Plaintiff's claim rests entirely on the three alleged comments by Schermer in January or February 2008—comments which Plaintiff did not report to his supervisor until December 2008. These comments alone cannot establish a hostile work environment. Plaintiff must show that his workplace was "permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment, and…that a specific basis exists for imputing the conduct that created the hostile environment to the employer." Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997). The conduct alleged must be sufficiently severe and pervasive to be reasonably perceived as hostile or abusive. Id.; see also Petrosino v. Bell Atl., 385 F.3d 210, 223 (2d Cir. 2004) ("For racist comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents…there must be a steady barrage of opprobrious racial comments").

2

I then evaluated and dismissed Plaintiff's retaliation claim under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). I found that even if Plaintiff could establish a prima facie rebuttable presumption of unlawful retaliation, there existed a legitimate non-retaliatory rationale for Defendants' decision to terminate Plaintiff. I noted that in the wake of the 2008 financial crisis, TEI terminated numerous employees across various divisions. Exh. II. On December 2, 2008, TEI's President announced a reduction in bonuses and a 3% cap on increases to the first $40,000 of income. Exh. P. A company memorandum dated December 8, 2008, outlined various cost-cutting actions the company would take, and stated, "There is no doubt that we will be making job cuts." Exh. Q. During Plaintiff's job performance meetings, Greenburger informed Plaintiff of impending salary reductions and possible layoffs and noted that none of Plaintiff's 2008 real estate transactions had been successful. Exh. A 140-42, 160. I observed that prior to Plaintiff's final job performance meeting, TEI managers had rated Plaintiff's job performance "very low." Exh. FF. On December 1, 2008, TEI's Director of Asset Management also suggested that Plaintiff's responsibilities be reassigned. Exh. W.

Since Defendants articulated a legitimate rationale for terminating Plaintiff, the burden shifts back to Plaintiff to show that the Defendant's proffered business reason was pretext for unlawful retaliation. Plaintiff "must produce competent evidence that the employer's decision was motivated, at least in part, by an intent to retaliate against him." Mayers v. Emigrant Bancorp, Inc., 796 F.Supp.2d 434, 446-48 (S.D.N.Y. 2011). Plaintiff provided no such evidence. Nor did Plaintiff produce any evidence that he was terminated on account of his Iranian heritage or his gender. Plaintiff's claim appears to rest on the assumption that because only a month passed between the time he reported the comments and his termination, the proffered explanation

was pretext for retaliation. Temporal proximity may be used as evidence of causation to support a prima facie claim of retaliation, but temporal proximity alone does not establish that Defendant's proffered reason for terminating Plaintiff was pretextual. See Memnon v. Clifford Chance US, LLP, 667 F. Supp. 2d 334, 345 (S.D.N.Y. 2009); Simpson v. New York State Dep't of Civil Servs., 166 F. App'x 499, 502 (2d Cir. 2006) ("without more...temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext"). I therefore granted summary judgment for Defendants.

       Plaintiff argues, in his motion for reconsideration, that Defense counsel misrepresented the record and various exhibits during oral argument. I examined the exhibits myself, and Defense counsel's representations did not distort the conclusions I reached on the basis of those exhibits. Plaintiff argues that he reported Schermer's comments to his superior in good faith, and not because he believed TEI was cutting costs. But Plaintiff's motivations do not alter my conclusion that no jury could reasonably find unlawful retaliation. In deciding the underlying motion, I viewed the evidence in the light most favorable to Plaintiff, eschewed credibility assessments, and drew all reasonable inferences in Plaintiff's favor. Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 122 (2d Cir. 2004). Plaintiff next claims that Defendants failed to produce documents as ordered by the Court in January, April, and June 2012. The docket includes no such orders. On the contrary, on May 21, 2012, I denied several discovery requests, noting that Plaintiff's requests went "well beyond the issues in dispute in this employment discrimination case." Doc. No. 40. Plaintiff also includes with his motion new documents relating to real estate acquisition deals he was working on at the time of his termination. Plaintiff claims the Defendants terminated those deals to establish a reason for terminating him. I considered those deals in deciding the underlying motion, see Tr. 31:11-21,

and Plaintiff's new documents add nothing new. A motion for reconsideration is not an opportunity to "advance new facts, issues or arguments not previously presented to the Court," or to "reargue those issues already considered." Gjoni v. Home Depot Inc., 2002 WL 91623, *1 (S.D.N.Y. Jan. 23, 2002).

Plaintiff's motion for reconsideration is denied. The Clerk shall mark the motion (Doc. No. 91) terminated.

SO ORDERED

Dated:   May 22, 2013
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge